# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **FORWARD THINKING TRACKING, LLC,** *Plaintiff,* v. **RF CODE, INC.** *Defendant.* | Civil Action No. _____ **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff Forward Thinking Tracking, LLC ("FTT" or "Plaintiff") makes the following allegations against RF Code, Inc. ("Defendant" or "RF Code").

## BACKGROUND

1. The need to find and track objects is an age-old problem, but one that has become critical in our networked, industrial world.  In numerous industries, from warehousing to server farms to healthcare, the ability to quickly and precisely locate particular objects or persons is essential to an efficient and profitable venture.  Without the ability to find and track objects or people quickly and easily, companies must waste valuable resources ensuring they receive accurate location information.  Inventory can easily be lost or stolen without accurate tracking technology.

2. U.S. Patent No. 6,989,741 ("the '741 patent") teaches specific methods or systems for tracking objects.  The '741 patent discloses novel interactions between an electronic tag and base stations that employ both low and high radio frequencies and triangulation to precisely locate objects.

3. At the time the inventions disclosed in the '741 patent were conceived, assets were often tracked, if at all, using optical scanners and bar codes. Optical tags benefited from simplicity, but have significant drawbacks.  For instance, they need to be in plain view to be read and only one code can be read at a time.  Bar codes are also read-only, and scanning codes on an object does little or nothing to assist with locating an object, especially in real-time.

4. Additionally, simple Radio Frequency Identification ("RFID") tags were used at this time to track objects.  These tags could be activated when they passed through an "interrogator", reading the tags.  But these too had significant limitations.  For example, the range at which these tags could be read was often quite short.  More problematically, to provide a precise location of an object, the tag had to pass through an interrogator.  Thus, real-time locating of an object was still a difficult proposition.

5. In the early 2000s, Messrs. Kenny, Chawla, Pacsai, Szasz, Gilling, and Marquardt devised unique systems and methods for tracking objects.  The inventors recognized that using frequencies of different lengths along with triangulation allowed an object to be located with more resolution than had otherwise been possible.

6. Companies, including the Defendant, adopted the inventions disclosed in the '741 patent.

### U.S. PATENT NO. 6,989,741

7. Plaintiff is the owner by assignment of the '741 patent.  The '741 patent is entitled "Object Tracking."  The '741 patent issued on January 24, 2006, based on a patent application filed on August 7, 2002. A true and correct copy of the '741 patent is attached hereto as Exhibit A.

### PARTIES

8. Plaintiff Forward Thinking Tracking, LLC is a limited liability company organized and existing under the laws of the State of Texas.

9. On information and belief, Defendant RF Code is a Delaware corporation with its principal place of business at 9229 Waterford Centre Blvd., Suite 500, Austin, TX 78758, and

may be served with process by delivering a summons and a true and correct copy of this complaint to its registered agent for receipt of service of process, Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington DE 19801.

## JURISDICTION AND VENUE

10. This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has established minimum contacts with the forum state of Texas.  Defendant, directly and/or through third-party intermediaries, make, use, import, offer for sale, and/or sell products and/or offer services within the state of Texas, and particularly within the Eastern District of Texas.  Thus, Defendant purposefully availed itself of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.  On information and belief, Defendant is located in Texas and provides the infringing products and/or services to clients based in the forum state of Texas.

12. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendant is subject to personal jurisdiction in this District, has transacted business in this district and has committed acts of patent infringement in this district.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,989,741

13. FTT references and incorporates by reference paragraphs 1 through 12 of this Complaint.

14. Defendant makes, uses, sells, and/or offers for sale in the United States products and/or services for locating objects, including for example RF Code Asset Management Products ("RF Code RTLS").

15. The RF Code RTLS system includes a number of electronic tags, including for

example the M102-I Asset Tag, M163-I IR Wristband Tag, M173-I Sealed IR Tag, M174 IR Enabled IT Asset Tag, R142-13BN IR-Enabled Badge Tag, R142-i3RF IR-Enabled Proximity Badge, among others.  These tags each have unique IDs, which can be associated with objects to which the tags are attached.  The tags are capable of interacting with, for example, low frequency (e.g. infrared), and high frequency (e.g. 433 MHz) signals, including for example signals from RF Code's A740 Rack Locator, A750 Room Locator, M240 Reader and M20 Fixed Reader.

16.     On information and belief, Defendant has directly infringed and continues to infringe the '741 patent by, among other things, making, using, offering for sale, and/or selling the RF Code RTLS system.  Defendant has infringed at least claim 4, 5, 6, and 7.

17.     By making, using, offering for sale, and/or selling location tracking systems infringing the '741 patent, Defendant has injured FTT and is liable to FTT for direct infringement of the '741 patent pursuant to 35 U.S.C. § 271(a).

18.     On information and belief, RF Code also indirectly infringes the '741 patent by actively inducing infringement under 35 U.S.C. § 271(b), at least as of the date of service of this Complaint.

19.     On information and belief, RF Code has had knowledge of the '741 patent since at least service of this Complaint or shortly thereafter, and on information and belief, RF Code knew of the '741 patent and knew of its infringement, including by way of this lawsuit.

20.     On information and belief, RF Code intended to induce patent infringement by third-party customers and users of the RF Code RTLS system and had knowledge that the inducing acts would cause infringement or was willfully blind to the possibility that its inducing acts would cause infringement.  RF Code specifically intended and was aware that the normal and customary use of the accused products would infringe the '741 patent.  RF Code performed the acts that constitute induced infringement, and would induce actual infringement, with the knowledge of the '741 patent and with the knowledge, that the induced acts would constitute infringement.  For example, RF Code provides the RF Code RTLS system that has the capability of operating in a manner that infringe one or more of the claims of the '741 patent, including at

least claims 4, 5, 6, and 7, and RF Code further provides documentation and training materials that cause customers and end users of the RF Code RTLS system to utilize the product in a manner that directly infringe one or more claims of the '741 patent. By providing instruction and training to customers and end-users on how to use the RF Code RTLS system in a manner that directly infringes one or more claims of the '741 patent, including at least claims 4, 5, 6 and 7 RF Code specifically intended to induce infringement of the '741 patent. On information and belief, RF Code engaged in such inducement to promote the sales of the RF Code RTLS system, *e.g.,* through RF Code product support, marketing materials, and training materials to actively induce the users of the accused products to infringe the '741 patent.[1] Accordingly, RF Code has induced and continues to induce users of the accused product to use the accused product in its ordinary and customary way to infringe the '741 patent, knowing that such use constitutes infringement of the '741 patent.

21. To the extent applicable, the requirements of 35 U.S.C. § 287(a) have been met with respect to the '741 patent.

22. As a result of Defendant's infringement of the '741 patent, FTT has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no

---

[1] *M102-I IR Asset Tag* (last visited September 2016) available at: http://cdn2.hubspot.net/hub/186315/file-2396697008-pdf/docs/Assets/m102-i_tech_spec_sheet.pdf?t=1466451643053; *M163-I IR Wristband Tag* (last visited September 2016) available at: http://cdn2.hubspot.net/hub/186315/file-2396697008-pdf/docs/Assets/m102-i_tech_spec_sheet.pdf?t=1466451643053; *M172-I IR Durable Tag* (last visited September 2016) available at: http://cdn2.hubspot.net/hub/186315/file-2403758407-pdf/docs/Assets/m172-i_tech_spec_sheet.pdf?t=1466451643053; *M173-I Sealed IR Tag* (last visited September 2016) available at: http://www.rfcode.com/hubfs/m173-i_tech_spec_sheet.pdf?t=1466451643053; *R142-i3BN IR-Enabled Badge Tag* (last visited September 2016) available at: http://cdn2.hubspot.net/hub/186315/file-2401365680-pdf/docs/Assets/r142-i3bn_tech_spec_sheet.pdf?t=1466451643053; *R142-i3RF IR-Enabled Proximity Badge* (last visited September 2016) available at: http://cdn2.hubspot.net/hub/186315/file-2396697023-pdf/docs/Assets/r142-i3rf_tech_spec_sheet.pdf?t=1466451643053; *A740 Rack Locator* (last visited September 2016) available at: http://cdn2.hubspot.net/hub/186315/file-2396697043-pdf/docs/Readers/a740_tech_spec_sheet.pdf?t=1466451643053; *A750 Room Locator* (last visited September 2016) available at: http://cdn2.hubspot.net/hub/186315/file-2403763432-pdf/docs/Readers/a750_tech_spec_sheet.pdf?t=1466451643053; *Product Overview* (last visited September 2016) available at: http://www.rfcode.com/rf-code-real-time-operational-intelligence-for-enterprise-data-centers-and-it.

event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from this Court:

A.  A judgment that Defendant has infringed one or more claims of the '741 patent;

B.  An award of damages resulting from Defendant's acts of infringement in accordance with 35 U.S.C. § 284;

C.  A judgment and order requiring Defendant to provide accountings and to pay supplemental damages to FTT, including, without limitation, prejudgment and post-judgment interest; and

D.  Any and all other relief to which FTT may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, FTT requests a trial by jury of any issues so triable by right.

Dated: October 14, 2016                                Respectfully submitted,

*/s/ Eric B. Hanson*

Elizabeth L. DeRieux
TX Bar No. 05770585
D. Jeffrey Rambin
TX Bar No. 00791478
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: 903-845-5770
E-mail: ederieux@capshawlaw.com
E-mail: jrambin@capshawlaw.com

Dorian S. Berger (CA SB No. 264424)
Daniel P. Hipskind (CA SB No. 266763)
Eric B. Hanson (CA SB No. 254570)
Berger & Hipskind LLP
1880 Century Park East, Ste. 815
Los Angeles, CA 90067
Telephone: 323-886-3430
Facsimile: 323-978-5508
E-mail: dsb@bergerhipskind.com
E-mail: dph@bergerhipskind.com
E-mail: ebh@bergerhipskind.com

*Attorneys for Forward Thinking Tracking, LLC*